**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/13/26__

March 12, 2026
Hon. Victor Marrero
Suite 1610
United States Courthouse
500 Pearl Street
New York, New York, 10007

**UNOPPOSED MOTION TO STAY**

Re: Toho Co., Ltd. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint. Case No. 2:26-cv-1514

Dear Hon. Judge Marrero,

I am Counsel for Plaintiff Toho Co., Ltd in this matter. Plaintiff understands that Defendant DOE 29 Playful Socks filed a pre-motion letter seeking the Court's leave to file a motion to sever and dismiss Playful Socks. Dkt. No. 51.

Plaintiff disagrees with Defendant's characterization of the case. Contrary to Defendant's allegation that Plaintiff's complaint is devoid of anything other than so-called boilerplate allegations, Plaintiff has articulated how Defendant Playful Socks infringed Plaintiff's trademark and provided infringing evidence.

Plaintiff further disagrees that either severance or dismissal is proper at this juncture, where discovery has not begun and no information has been exchanged between the parties.

Misjoinder is not a ground for dismissing defendant. *Hunley v. BuzzFeed, Inc.*, No. 1:20-CV-08844-ALC, 2021 U.S. Dist. LEXIS 189420, at *10 (S.D.N.Y. Sep. 30, 2021).

"[S]everance [i]s a procedural device to be employed only in *exceptional* circumstances." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 160 (S.D.N.Y. 2009)(emphasis added) citing *Laureano v. Goord*, No. 06-CV-7845, 2007 U.S. Dist. LEXIS 74754, 2007 WL 2826649, at *8 (quoting *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, No. 99-CV-682, 2001 U.S. Dist. LEXIS 12691, 2001 WL 963943, at *1 (S.D.N.Y. Aug. 23, 2001)) (internal quotation marks omitted); see also *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (quoting *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)). Here, Defendant Playful Socks has not articulated why there is exceptional circumstances here that warrants severance.

However, in the interest of judicial efficiency, Counsels for both Parties communicated and both agreed that the best course of action at this juncture is to settle this matter without the Court's intervention.

Therefore, Plaintiff has proposed and Defendant has accepted that this case against DOE 29 Playful Socks shall be stayed, any deadlines should be taken off the calendar with respect to DOE 29 Playful Socks, allowing both Parties to effectively conduct settlement discussions.



**57 West 57th Street, 3rd & 4th Floors, Manhattan, NY 10019**
**T:** +1 (917) 858-8018 | **E:** smu@whitewoodlaw.com
**W:** whitewoodlaw.com

Dated: March 12, 2026

Respectfully submitted,

*/s/ Shengmao Mu*
Shengmao Mu
NY No. 5707021
**WHITEWOOD LAW PLLC**
57 West, 57th Street, 3rd and 4th Floors
New York, NY, 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

*Counsel for Plaintiff*

Request **GRANTED.**

The request for a stay of this action as to defendant Playful Socks is hereby granted. All deadlines related to defendant Playful Socks are hereby stayed pending the results of the above referenced settlement negotiations.

**SO ORDERED.**

March 13, 2026

_____
DATE                            VICTOR MARRERO, U.S.D.J.