**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Toho Co., Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-01514-VM |
| | ) | |
| The Individuals, Corporations, Limited   v. | ) | **Motion to Vacate Court's Order** |
| Liability Companies, Partnerships, and | ) | **Granting Alternative Service on** |
| Unincorporated Associations | ) | **Defendant and Motion to** |
| Identified on Schedule A to the | ) | **Dismiss Under Rule 12(b)(5)** |
| Complaint., | ) | |
| Defendants. | ) | |
| | ) | |

**NOW COMES** defendant solymall.com (hereinafter "Defendant"), by and through its undersigned counsel, and hereby respectfully move this Court to vacate its order granting alternative service on Defendant and dismiss Plaintiff's Complaint under Rule 12(b)(5) for failure to effect proper service of process.

## I.   Introduction

Plaintiff filed its Complaint on February 23, 2026, alleging that Defendant committed copyright and trademark infringement and related claims. [Dkt. 1].  On the same day, Plaintiff filed an *ex parte* motion for entry of a temporary restraining order, which included a request for alternative service by email and/or electronic publication, which was granted on February 24, 2026. [Dkts. 8, 20, 21].  The order permitted Plaintiff to complete service of process to Defendant by email and website publication pursuant to Federal Rule of Civil Procedure 4(f)(3) following Plaintiff's representations that the Hague Convention did not apply because Defendant's address was not known. [Dkt 20].  However, Plaintiff failed to show the "reasonable diligence" necessary to determine that a defendant's address was unknown for the Hague Convention not to apply in the current case.  Accordingly, Defendant requests that this Court vacate its previous order granting

alternative service dismiss Defendant under Rule 12(b)(5) since Defendant has not been properly served under the Hague Convention.

II. <u>Argument</u>

    a. **This Court should dismiss the action under Fed. R. Civ. P. 12(b)(5) because Plaintiff has failed to properly effect service of process on Defendant.**

    Every defendant must be served with a copy of the complaint and summons in accordance with Rule 4. Fed R. Civ. P. 4(c)(1). Only proper service vests a district court with personal jurisdiction over a defendant. <u>Fuld v. Palestine Liberation Org.</u>, 578 F. Supp. 3d 577, 583 (S.D.N.Y. 2022), *aff'd*, 82 F.4th 74 (2d Cir. 2023); <u>Smart Study Co., Ltd. v. Acuteye-Us</u>, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022) ("before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (internal citations omitted). Taking advantage of Federal Rule of Civil Procedure Rule 4(f)(3), Plaintiff has attempted to serve the defendants, in bulk, using email processes. However, under the circumstances this method of service violates the express wording of Rule 4(f)(3), as interpreted in light of international agreements. Plaintiff has not served Defendant as required under Federal Rules or international agreement and, for this reason, Defendant should be dismissed.

    i. *The Hague Convention is an International Agreement that, where applicable, limits court-ordered methods of service under Fed R. Civ. P. 4(f)(3).*

    Even if Plaintiff did in-fact provide a copy of the Complaint and Summons, etc. to Defendant via email and website publication, such methods are inadequate under federal rules. Rule 4(f) governs service of process to an individual and provides that "an individual … may be served at a place not within any judicial district of the United States…by other means *not prohibited by international agreement*, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added); <u>Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi</u>, 164 F.4th 164, 168 (2d Cir. 2025). The Convention on

the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention") is such an international agreement as stated in Rule 4(f)(3). The Supreme Court, the Second Circuit Court of Appels, and other Courts have repeatedly and uniformly held that the Hague Convention, where applicable, limits court-ordered methods of service under Rule 4(f)(3) and compliance with the Hague Convention is mandatory whenever it applies. Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017) (the Hague Service Convention specifies certain approved methods of service and "pre-empts inconsistent methods of service" wherever it applies.); Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988)("[C]ompliance with the Convention is mandatory in all cases to which it applies."); Smart Study Co., Ltd, 164 F.4th at 172 ("Even if it is highly likely that service via the Hague [Service Convention would be unsuccessful, compliance with the Convention is mandatory in all cases to which it applies.") (internal citations omitted); Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (Reviewing method of service under Rule 4(f)(3) only after deciding that the Hague Convention does not prohibit the method, and holding "[b]ecause service of process was attempted abroad, the validity of that service is controlled by the Hague Convention, to the extent that the Convention applies); Ackermann v. Levine, 788 F.2d 830, 838 (2nd Cir. 1986) ("Service of process must satisfy both the statute under which service is effectuated and constitutional due process. The statutory prong is governed principally by the Hague Convention."); Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 331, 331-332 (N.Y.S.D. 2015) (analyzing Rule 4(f)(3) service in light of the requirement of the Hague Convention); Richmond Techs., Inc. v. Aumtech Bus. Sols., 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) ("The question in this case is whether service of the Indian Defendants by substituted service on their attorney under Rule 4(f)(3) comports with the Hague Convention."). Importantly, as a ratified treaty, the Hague Convention's application to Rule 4(f)(3) is required by the U.S. Constitution. *See* U.S. Const. Art. VI, cl. 2; *See also,*

Ackermann ("As a ratified treaty, the Convention is of course the supreme law of the land."); Smart Study Co., Ltd, 164 F.4th at 172 (concluding that "email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3).").

ii. *The Hague Convention is applicable to Defendant's service of process.*

The Hague Convention applies only when certain conditions are met. First, both the origination State and the destination State of the document must be contracting states to the Hague Convention. *See*, Int'l Controls Corp. v. Vesco, 593 F.2d 166, 178 (2nd Cir. 1979) (holding the Hague Convention not applicable as the destination State Bahamas was not a signatory). Moreover, there must be occasion to transmit a judicial or extrajudicial document for service abroad and the defendant's address must be known. *See*, the Hague Convention, Art. 1 ("The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. This Convention shall not apply where the address of the person to be served with the document is not known.").

For Defendant, all conditions are met. First, both the United States and China are signatories to the Hague Convention. *See* Smart Study Co., Ltd, 164 F.4th at 170. There was occasion to transmit judicial documents for service abroad because Defendant operates out of China and specifically posted their address on their website on the "About Us" page, which was available for public view before the current case was filed. Declaration of Cao Xi at ¶ 3, Exhibit A; [Dkt. 30-6 pg. 36]. Defendant's posted address was also valid and authentic and can be identified on Baidu Maps, the primary mapping service in China, and mail bearing the address can successfully reach Defendant. Xi Decl. at ¶ 3, Exhibit B. Accordingly, the Hague Convention applies to Plaintiff's attempt to serve Defendant with process in this action.

Despite this, Plaintiff has attempted to avoid the requirements under the Hague Convention by offering an affidavit in support of alternative service, which included various mistaken

statements. *See* [Dkt. 9].  For example, Plaintiff's affidavit offered in support of alternate service claims that "[t]he Hague Convention does not preclude service by e-mail" while also claiming that "most, if not all, Defendants are located in China." [Dkt. 9 at ¶ 7, 11].  However, this representation is inconsistent with the clear law of the Second Circuit, as expressed in <u>Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi</u>, 164 F.4th 164 (2d Cir. 2025), which makes clear that "email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3)." <u>Id</u>. at 172.  Plaintiff's affidavit and motion offered in support of alternative service also claimed that the Hague Convention does not apply because Defendant's address was unknown. [Dkt. 11 pg. 19] ("None of the addresses provided by Defendants returned a result consistent with a Defendant operating a business at that address."); [Dkt. 9 at ¶ 12] ("It was found that few, if any, Defendants provided a complete and accurate physical address on the e-commerce store.").  Despite alleging that the addresses were unknown, Plaintiff then alleged that "the complete addresses that were provided were not located in an area where any businesses potentially linked to the Defendants could be located," which is an assertion that could not be made if the addresses were indeed unknown. [Dkt. 9 at ¶ 12].  In another contradiction, Plaintiff has also acknowledged that Defendant's legal name and address was readily available on their website. *See* [Dkt. 30-6 pg. 36].  In an attempt to explain these inconsistencies, Plaintiff presented a declaration alleging that "[s]omeone working under my supervision has attempted to locate the Defendants based upon the information provided on Defendants' websites. As part of that process, both Google Maps and Baidu Maps were utilized to attempt to locate and verify the addresses. It was found that few, if any, Defendants provided a complete and accurate physical address on the e-commerce store…." [Dkt. 9 at ¶ 12].  Critically, however, this Court has found that it was "***not apparent***" that ***identical allegations*** made in a declaration in support of alternative service in a different case before this Court provided "sufficient detail regarding the process used by Plaintiff to

ascertain the addresses of Defendants" and required that "Plaintiff provide a more detailed affidavit regarding the steps that it took to [ascertain the addresses of Defendants]" before granting Plaintiff's motion for alternative service and noted that "[t]he need for supplemental briefing is acute here, where the affidavit suggests that the only steps taken to identify the defendants' addresses was a Google search." Milwaukee Electric Tool Corporation, v. The individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Sched. A, 2026 WL 915306 at *2 (S.D.N.Y. Apr. 3, 2026); Id. Dkt. 11 at ¶ 12 (S.D.N.Y. Apr. 2, 2026).

Critically, Courts in this Circuit have repeatedly noted that an address is not known for the purposes of the Hague Convention only if "the plaintiff exercised *reasonable diligence* in attempting to discover a physical address for service of process and was unsuccessful in doing so." Spin Master, Ltd. v. Aomore-US, 2024 WL 3030405 at *5 (S.D.N.Y. June 17, 2024) (emphasis in original); Pinkfong Co., Inc. v. Avensy Store, 2023 WL 8531602 at *2 (S.D.N.Y. Nov. 30, 2023) ("An address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so."); Adv. Access Content System Licensing Adminstr., LLC v. Shen, 2018 WL 4757939 at *4 (S.D.N.Y. Sept. 30, 2018) ("Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so."); Kelly Toys Holdings, LLC. v. Top Dept. Store, 2022 WL 3701216 at *6 (S.D.N.Y. Aug. 26, 2022) (same) (citing cases); *see also* Opella v. Rullan, 2011 WL 2600707 at *5 (S.D. Fla. June 29, 2011) ("an address is not 'known' within Article I of the Convention only when it is unknown to the plaintiff after the plaintiff exercised reasonable diligence in attempting to discover that address."). What constitutes "reasonable diligence" is a fact-specific inquiry, however "[c]ourts in this District have consistently held that multiple modes of attempted contact typically are required." Spin Master, 2024 WL 3030405 at *5; Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Co mpanies, Partnerships, and

Unincorporated Associations Identified on Sched. A to Compl., 2023 WL 2330429 at *3 (S.D.N.Y. Mar. 2, 2023) (same); Smart Study Co., 620 F. Supp. 3d at 1391 ("observing that "[P]laintiffs have been found to have exercised reasonable diligence to discover a physical address that where … a plaintiff has attempted to obtain the defendant's address in a variety of ways").

Here, Plaintiff did not attempt to obtain Defendant's address in a variety of way and merely allege that Defendant's address was unknown based on Google maps returning a partial result for the address and Baidu maps returning no results for the address, which this Court has found des not demonstrate "reasonable diligence."  Milwaukee Electric Tool Corporation (denying motion for alternative service where declaration in support of alternative service included ***identical allegations*** as those made in the current case, and requiring supplemental briefing to "explain why that level of effort satisfies the diligence requirement that might permit it to take the position that the Hague Convention does not apply here" and noting that "[t]he need for supplemental briefing is acute here, where the affidavit suggests that the only steps taken to identify the defendants' addresses was a Google search."); Moonbug Ent. Ltd. v. www.blippimerch.com, 2023 WL 2730107 at *3 (S.D.N.Y. Mar. 28, 2023) ("Here, Plaintiffs have not demonstrated that they used reasonable diligence to determine Defendants' physical addresses. Instead, they allege only that they 'attempted to locate addresses and/or company names associated with Defendants' Websites by conducting Internet and Google searches.' More is required to establish 'reasonable diligence' in searching for the defendants' physical addresses.") (internal citations omitted); Smart Study Co., 620 F. Supp. 3d at 1391 (noting that allegations that Defendant's storefronts "displayed a partial, incomplete and/or false address" did not demonstrate the "reasonable diligence" necessary to determine that a defendant's address was unknown).

In fact, the record shows that Plaintiff did not even attempt to translate the address, using a simple google translate before entering it into the Chinese-language based Baidu maps, because, if

they had, it would have returned a result clearly showing Defendant's address.  Xi Decl. at ¶ 3, Exhibit B.  Instead, the record suggests that Plaintiff did the bare minimum to determine Defendant's actual address in an attempt to circumvent the Hague Convention by concluding that their address was not known. However, this is improper and "[a] plaintiff cannot close its eyes to the obvious to avoid the Hague Service Convention; the plaintiff must make reasonably diligent efforts to learn the defendant's mailing address." Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Sched. "A", 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019). Based on the current record, there is insufficient evidence to conclude that Plaintiff exercised the reasonable diligence necessary to support a finding that Defendant's address was not known, thus Plaintiff has failed to demonstrate that the Hague Convention is inapplicable for Defendant. The Hague Convention thus applies and the Court's previous order granting alternative service by email was "in error" and should be vacated.  Spin Master, Ltd., 2024 WL 3030405 at *5-6, n. 4 (finding that previous order granting alternative service was "in error" and vacating it, where order was granted before any defendant had appeared based on representation made by Plaintiff that defendants' addresses were unknown, but subsequent briefing showed that Plaintiff did not exercise the reasonable diligence necessary to support a finding that their address was unknown); Smart Study Co., Ltd., 620 F. Supp. 3d at 1392 n. 5 (finding that prior order permitting email service "was in error" and finding that the Hague Convention applied because plaintiff "ha[d] not demonstrated that it used reasonable diligence to determine the defendants' physical addresses" and noting that "service via email on litigants located in China is not permitted by the Hague Convention."); Milwaukee Electric Tool Corporation (denying motion for alternative service where declaration in support of alternative service included *__identical allegations__* as those made in the current case, and requiring supplemental briefing to "***explain why that level of effort satisfies the diligence***

***requirement that might permit it to take the position that the Hague Convention does not***

***apply here***") (emphasis added).

      iii.   *The Hague Convention prohibits Plaintiff's method of service.*

Because the Hague Convention applies to the current case, "compliance with the Convention is mandatory" even if "it is likely that service via the Hague Service Convention would be unsuccessful." Smart Study Co., 164 F.4th at 172 (internal citations omitted). The Hague Convention enumerates several permitted methods of service and prohibits all which are not enumerated. The Supreme Court and several Circuit have repeatedly confirmed this reading. In Water Splash Inc. and Volkswagenwerk, the Supreme Court stated that "the Hague…Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." Water Splash Inc., at 1507; Volkswagenwerk, 486 U.S. at 699. This has been affirmed by the Second Circuit which noted that the Hague Convention text's authorized means of service "creates a closed universe of simple and certain means" and "pre-empts inconsistent methods of service wherever [the Convention] applies." Smart Study, 164 F.4th at 170-71 (internal citations omitted). Accordingly, where the Hague Convention applies, as it does here, a defendant may only be served by one of the methods of service enumerated therein; and not by any alternative means not listed in the Convention. Id.; Foxmind Canada Enterprises Ltd. v. APROAT, 2026 WL 412645 at *2 (S.D.N.Y. Feb. 13, 2026) ("where the Hague Convention applies, a defendant may only be served by one of the methods of service enumerated therein; and not by any alternative means, including, as relevant here, by email.").

In Smart Study, the Second Circuit made clear that since email service is not one of the methods of service enumerated in the Hague Convention, "[e]mail service is one such 'inconsistent method' preempted by the Convention." Smart Study, 164 F.4th at 171. Similarly, service by website publication is not one of the methods of service enumerated in the Hague Convention, so it

would also be preempted and prohibited by the Hague Convention. Water Splash Inc., at 1508 (reviewing the permitted methods of service under the Hague Convention); Moonbug Ent, 2023 WL 2730107 at *3 ("service via email and online publication is prohibited by international agreement [and] is impermissible under Rule 4(f)(3)."). Accordingly, even assuming Plaintiffs emails concerning service of process were sent and received as alleged, the service itself runs afoul of the Hague Convention and thus federal rules. Following, because service by email or website publication are not methods of service *allowed* by Hague Convention, they are *prohibited* by the Hague Convention and thus improper under Rule 4(f)(3). Smart Study, 164 F.4th at 172 (concluding that "email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3)."); Smart Study Co, 620 F. Supp. 3d at 1393 ("service via email on litigants located in China is not permitted by the Hague Convention."); Spin Master, 2024 WL 3030405 at *6 (S.D.N.Y. June 17, 2024) ("in light of China's objections to the Hague Convention, it prohibits service by email on defendants located in China, and exigent circumstances – such as the need for urgent relief – do not create an exception to this rule."); Kyjen Co., WL 2330429 at *1 ("Where, as here, the defendants in the action are believed to be located in China - a signatory to the Hague Convention - Rule 4(f) requires that the defendants be served pursuant to the Hague Convention, which has been interpreted to prohibit service by email and online publication on litigants located in China."); Pinkfong Co., Inc. v. Avensy Store, 2023 WL 8531602 at *3 (S.D.N.Y. Nov. 30, 2023) ("Service by email and online publication is therefore prohibited by international agreement and is impermissible under Rule 4(f)(3).").

## III.    Conclusion

Plaintiff's ability to obtain leave to serve Defendants via email and website publication was obtained *ex parte*, and under scrutiny after adversary briefing does not stand up. The Hague Convention enumerates several permitted methods of service and prohibits all which are not

enumerated, including e-mail service and service by publication. Accordingly, Defendant has not been properly served and respectfully requests that this Court issue an ultimate finding that this Court lacks sufficient personal jurisdiction over them and properly Order that Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(5).

Dated this April 15, 2026

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendant*
*Pro hac vice*