USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/28/26__

# KEVIN KERVENG TUNG, P.C.

Attorneys and Counselors at Law

Writer's direct email:
Kevin K. Tung, Esq., admitted in NY and NJ
ktung@kktlawfirm.com

Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Tel: (718) 939-4633
Fax: (718) 939-4468

www.kktlawfirm.com

April 27, 2026

The Honorable Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Toho Co, Ltd. v. The Individuals, Corporations etc.*
     *Case No. 1:26-cv-01514-VM-HJR*

Dear Judge Marrero:

   Our firm has just been retained by Defendant alohahoo (Defendant No. 1 in Schedule A) ("Defendant") in the above-referenced case. We respectfully submit this letter motion to request an extension of time, to and including May 25, 2026, to answer or otherwise respond to Plaintiff's complaint ("Complaint").

   The deadline for Defendant to answer Plaintiff's complaint was March 20, 2026. This is Defendant's first request for an extension. Plaintiff's counsel has been contacted regarding this application and has consented to the requested extension.

   Defendant is operated by companies registered and domiciled in the People's Republic of China and only recently retained the undersigned as counsel. Therefore, we have not yet had a sufficient opportunity to investigate the claims and allegations raised against Defendant, including the complex matters involving trademark infringement. Furthermore, since being retained, the parties have immediately initiated and are currently engaged in good faith settlement negotiations.

   Defendant's failure to answer the complaint within the original deadline is excusable under FRCP Rule 6(b) because Defendant did not receive the service of summons and complaint and it was served improperly by Plaintiff. Plaintiff served the summons and complaint through emails and website publication (see Dkt. No. 34-1). As a Chinese entity, the service of process upon Defendant should be governed by the Hague Service Convention. Recently, the 2nd Circuit Court has expressively held that the Hague Service Convention creates a closed universe of approved service methods and preempts inconsistent methods and the court reasoned that: (1) email service is not specified in the Convention; (2) China has objected to service under Article

1

10; (3) interpreting the Convention to permit unspecified methods would render its provisions superfluous; and (4) FRCP 4(f)(3) does not create an exception for "exigent circumstances" that would allow circumvention of the Convention's requirements. See *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025). Therefore, service through emails and website publication was improper in this case.

"It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir 2001); see also *Meehan v Snow*, 652 F2d 274, 277 (2d Cir 1981) ("Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits."); see also *Am. Alliance Ins. Co. v Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir 1996) ("Strong public policy favors resolving disputes on the merits."). In exercising the Court's discretion, it is tasked with the responsibility "to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Underlying this duty is the Court's ultimate responsibility "to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default." *Gill v Stolow*, 240 F2d 669, 670 (2d Cir 1957).

Granting this extension will not prejudice any party. As noted above, Plaintiff consents to this request. The extension will allow the parties to focus their resources on a potential amicable resolution rather than simultaneous litigation.

Accordingly, Defendant respectfully requests that the Court grant this motion and extend the time for Defendant to answer or otherwise respond to the Complaint to May 25, 2026.

We thank the Court for its consideration of this matter.

Respectfully submitted,

**KEVIN KERVENG TUNG, P.C.**

*/s/ Kevin K. Tung*
By: Kevin K. Tung, Esq.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Tel: (718) 939-4633
Email: ktung@kktlawfirm.com
*Attorneys for Defendant alohahoo*

Request **GRANTED.**
Defendant Alohahoo's request for an extension is granted. The time for Defendant to respond to the complaint is hereby extended to May 25, 2026.

**SO ORDERED.**

4/28/26
DATE                    VICTOR MARRERO, U.S.D.J.

cc: All Counsel (via ECF)

2