USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 9/21/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TOHO CO., LTD.,

Plaintiff,

v.

ALOHAHOO, et al.,

Defendants.

Civil Action No. 26-cv-01514

## CONSENT JUDGMENT

This action having been commenced by Plaintiff Toho Co., Ltd. ("TOHO" or "Plaintiff"), by its counsel, against Defendant Solymall (DOE #35) ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

The parties stipulate the following: that this Court has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including New York. Specifically, Defendant has targeted sales to New York residents by setting up and operating internet stores that target United States consumers, offering shipping to the United States, including New York, accepting payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing and counterfeit versions of the Plaintiff's copyrights and trademarks ("Plaintiff's IP") to residents of New York. Plaintiff is the current registered owner of U.S. Trademark Registration Nos. 1,161,858; 1,858,403; 2,134,696; 2,211,328; 2,360,489; 4,183,291; 5,093,240; 6,172,295, and 7,245,324 for use in connection with Plaintiff's GODZILLA products. Plaintiff is also the current owner of several copyright registrations asserted in this action, including Copyright Registration Nos. PA0000785448; PA0000152335; PA0000187943; PA0000157725; PA0000276046; PA0000967584; PA0001036332; PA0001265507; PA0000172648; PA0000152333; PA0000465312; PA0000796965; PA0000382931; PA0000426964; PA0000595595; PA0000796966; PA0000382933; PA0001035743; PA0000382929; PA0000796964; PA0000782264; LP0000029676; PA0001372864; PA0001232751;

PA0001195981; PA0001151212; PA0002049886; and PA0000152334.

The parties stipulate that Defendant is liable for willful federal copyright infringement (17 U.S.C. § 501) and trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

IT IS HEREBY ORDERED that:

1. Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

   a. using Plaintiff's IP or any reproductions, derivative works based upon Plaintiff's IP, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with Plaintiff's IP;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product authorized by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with Plaintiff's IP;

   c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which includes any work bearing Plaintiff's IP, including any reproductions, counterfeit copies, or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendant Solymall (DOE #35) shall pay

Plaintiff $40,000 (Forty Thousand U.S. dollars) in damages (the “Damages Amount”).

3. PayPal Inc. (“PayPal”) is ordered to transfer the Damages Amount from Defendant’s accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon PayPal’s transfer of the Damages Amount to Plaintiff pursuant to paragraph 2, PayPal shall remove any restraints that were placed on Defendant’s PayPal store and financial accounts pursuant to the Temporary Restraining Order, Dkt. No. 20.

5. This Court retains subject matter jurisdiction over this matter for at least one hundred eighty (180) days after this Order is entered. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: 9/21/26



Hon. Victor Marrero
United States District Judge